IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| PAM KINCAID, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00027 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| JAMES W. ANDERSON, ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Melvin E. Williams and Micah D. Wright, Mel Williams PLC, Roanoke, Virginia, for Plaintiff; Melissa W. Robinson and Johneal M. White, Glenn Robinson & Cathey PLC, Roanoke, Virginia, for Defendant Russell County, Virginia.*

In this employment discrimination case, defendant Russell County, Virginia, (the "County") moves to dismiss plaintiff Pam Kincaid's First Amended Complaint. Kincaid claims that she was discriminated against by her employer based on her gender and religion, and retaliated against for complaining about such discrimination, including being demoted. Kincaid asserts a number of federal and state law causes of action, including violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Family and Medical Leave Act ("FMLA"),

defamation, intentional infliction of emotional distress, and due process violations of her property and liberty interests.[1]

I find that none of the state or federal claims have been adequately pled to survive the defendant's Motion to Dismiss. The plaintiff's state law claims must be dismissed on the ground that the County enjoys sovereign immunity from state law tort actions. As to the federal claims, I find the First Amended Complaint fails to state a claim because it does not allege sufficient facts to show that the County is in fact the plaintiff's employer. Thus, I will grant the defendant's motion in its entirety.[2]

I.

The facts alleged in the First Amended Complaint,[3] which I take as true solely for purposes of the Motion to Dismiss, are as follows. Kincaid was a longtime employee of the Russell County Department of Social Services ("RCDSS"), working first as a Child Protective Services Worker and then as a Social Work Supervisor overseeing the Child Protective Services Unit. On

---

[1] Subject-matter jurisdiction of this court exists pursuant to 28 U.S.C. §§ 1331, 1367.

[2] I will dispense with oral argument because the facts and legal contentions have been adequately presented in the materials before the court and oral argument would not significantly aid in the decisional process.

[3] For ease of reference, I will hereafter refer to the First Amended Complaint as the "Complaint."

January 1, 2012, James W. Anderson was hired as the Director of RCDSS, and, as part of his duties, became Kincaid's direct supervisor.

According to Kincaid, Anderson acted with personal spite and ill-will towards Kincaid from the time he became Director. He singled out Kincaid for malicious treatment by mandating deeds of subservience that he did not ask of others, such as requiring her to knock on his open office door, beginning job-related conversations with taunts of "what's the magic word?" to force her to say "please," and moving her workspace from an office to an open area cubicle. It is further alleged that Anderson barraged Kincaid with insults, comparing her to a pit bull, implying she was a prostitute, referring to her as a "negative Nellie," and calling her "Darth Maul" — an evil character from Star Wars — among other comments. He made derogating remarks about Kincaid's Catholic faith, including that she "served two masters," and about her gender, saying he would "turn her into a southern woman." Further, Anderson sabotaged Kincaid's job performance by berating her in front of work colleagues, denying her resources needed to perform her job, contradicting her orders to subordinates behind her back, and reprimanding her for following the orders he had given. Kincaid complained repeatedly to Anderson about his behavior, to no effect.

In May 2012, Anderson requested that the Russell County Department of Social Services Board of Directors (the "Board") terminate Kincaid from her

employment, claiming that several co-workers and local attorneys had complained about her unprofessional conduct. At the time, Kincaid was on leave for several weeks due to a serious medical condition. She was not informed of the hearing or given an opportunity to be heard. The Board initially demoted Kincaid from supervisor to social worker, but later reinstated her after she showed that Anderson's complaints against her were false — while leaving Anderson as her direct supervisor. It is claimed that Anderson's unprofessional behavior toward Kincaid continued until he resigned from his position as Director in September 2013.

As a result of the demotion, Kincaid suffered reduced wages as well as depression and suicidal thoughts. She timely filed a charge with the Equal Employment Opportunity Commission and having received the issuance of the right to sue, filed suit in this court on January 22, 2015, against numerous defendants, including the County.

## II.

In order to survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. 678 (citing *Twombly,* 550 U.S. at 556).

In the context of employment discrimination claims, "a plaintiff is not required to plead facts that constitute a prima facie case" in order to survive a motion to dismiss. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)). Nevertheless, a complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555). Although a complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The County moves to dismiss the plaintiff's claims against it on a variety of grounds. Because I find that the defense of sovereign immunity disposes of the plaintiff's state law claims, and the plaintiff's failure to allege adequate facts disposes of her federal law claims, I need not address the remainder of the defendant's arguments.

Kincaid alleges claims against the County under common law defamation and intentional infliction of emotional distress. However, because the County is "a subdivision of the Commonwealth, [it] is entitled to sovereign immunity unless an

express statutory or constitutional provision has waived that immunity." *Miller v. Parrish*, No. 3:12CV873-HEH, 2013 WL 791241, at *3 (E.D. Va. Mar. 4, 2013) (citing *Ligon v. Cnty. of Goochland*, 689 S.E.2d 666, 668 (Va. 2010)). The Virginia Tort Claims Act waived the Commonwealth's sovereign immunity in some circumstances, but it did not waive immunity for its subdivisions, including counties. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (citing Va. Code Ann. § 8.01-195.3); *see also Mann v. Cnty. Bd. of Arlington Cnty.*, 98 S.E.2d 515, 518 (Va. 1957) ("Years ago Virginia committed itself to the principle that counties were not liable for tortious personal injuries resulting from negligence of its officers, servants and employees."). Sovereign immunity protects Virginia counties "in the exercise of their government functions," including in their role of child protection. *Gedrich v. Fairfax Cnty. Dep't of Family Servs.*, 282 F. Supp. 2d 439, 474 (E.D. Va. 2003) (internal quotation marks and citation omitted).

This sovereign immunity extends to both negligence and intentional tort claims arising out of the actions of any of its agents — including the defamation and intentional infliction of emotional distress claims brought in this case.[4] *Miller*,

---

[4] In addition, Kincaid's factual allegations do not meet the threshold required for a claim of intentional infliction of emotional distress.

> Intentional infliction of emotional distress is a highly disfavored claim in the Fourth Circuit; in fact, to state a viable claim under that theory, a plaintiff must meet the high burden of showing that: (1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous or

-6-

Case 1:14-cv-00027-JPJ-PMS   Document 51   Filed 05/06/15   Page 6 of 10   Pageid#: 252

2013 WL 791241, at *3; *see also Ghayyada v. Rector & Visitors of Univ. of Va.*, No. 3:11–cv–00037, 2011 WL 4024799, at *5 (W.D. Va. Sept. 12, 2011) (dismissing defamation claim against state university on basis of sovereign immunity); *Gedrich*, 282 F. Supp. 2d at 474 (dismissing claim of intentional infliction of emotional distress against county social services department on sovereign immunity grounds). Therefore, even assuming that Anderson was an agent of the County, sovereign immunity bars Kincaid's state law tort claims.

In addition, Kincaid brings several claims under federal law. All of these claims, however, require the factual allegation that the County is responsible for the adverse actions taken against Kincaid. Kincaid's Title VII, FMLA and due process claims are premised on the assumption that the County is actually Kincaid's employer. *See* 42 U.S.C. § 2000e(f) (stating that Title VII of Civil Rights Act only applies to individuals "employed by an employer"); 29 U.S.C.

---

> intolerable; (3) there was a causal connection between the defendant's conduct and the plaintiff's emotional distress; and (4) the resulting emotional distress was severe.

*Weth v. O'Leary*, 796 F. Supp. 2d 766, 774 (E.D. Va. 2011). Employment discrimination cases often will not meet this high standard, and the facts alleged here are insufficient to justify an exception. *See Harris v. Norfolk & W. Ry. Co.*, 720 F. Supp. 567, 568 (W.D. Va. 1989) (noting that, to prove intentional infliction of emotional distress under Virginia law, "[a]n employee must show that the employer's conduct was so outrageous in character, and so extreme in degree, as to be beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community") (internal quotation marks and citations omitted).

§ 2611(2)(A) (defining "eligible employee" under the FMLA as one employed by employer for requisite period of time). To the extent that the plaintiff attributes the behavior of Kincaid's alleged harasser, Anderson, to the County for purposes of Kincaid's discrimination claims, she must also allege that the County is Anderson's employer. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 754 (1998) (discussing vicarious liability under Title VII). Instead, the identity of Kincaid and Anderson's employer appears to be far from clear from the language of the Complaint, which alleges the following:

> The Russell County (Virginia) Department of Social Services ("RCDSS") is a department of Russell County that, among many other responsibilities, bears responsibility for investigating complaints of child neglect and abuse in Russell County.
>
> The Board of Russell County (Virginia) Department of Social Services [] ("RCDSS Board") is the body with ultimate authority and policymaking responsibility over the Russell County Department of Social Services.
>
> Russell County (Virginia) is a governmental entity of which RCDSS and the RCDSS Board is [sic] a part.

(ECF No. 43, ¶¶ 8-10.) Within this hierarchy of agencies, the Complaint asserts that Kincaid is an employee of "the Russell County (Virginia) Department of Social Services and/or the Board of Social Services of Russell County (Virginia) and/or Russell County (Virginia)." (*Id.* at ¶ 6.) The Complaint alleges that Kincaid's purported harasser, Anderson, was the "Director of Russell County

(Virginia) Department of Social Services," and, by the same logic, was also presumably an employee of Russell County. (*Id.* at ¶ 7.)

In essence, the Complaint conflates three separate entities, and contends that Kincaid and Anderson were employed by all of them.[5] The differences between these entities are not trivial, however, and glossing over these differences with conclusory language is not a sufficient basis to allege that Russell County is the responsible entity.[6] *See Glass v. Cropper*, No. 96-0895-R, 1997 U.S. Dist. LEXIS 12675, at *4-5 (W.D. Va. July 25, 1997). (dismissing complaint against municipality where plaintiff alleged wrongful termination by social services board but did not "allege[] that the Board is a designated policy making authority of the City or that the Board acted pursuant to the City's policy or custom").[7] Rather, the

---

[5] Russell County points to several Virginia statutes which establish the authority for the RCDSS and its Board to exist, and contends that the Board is Kincaid's employer pursuant to these statutes. *See* Va. Code Ann. §§ 63.2-324, 63.2-325, & 63.2-326. I need not decide which entity is actually Kincaid's employer, however, because it is sufficient for purposes of the motion to dismiss to find that Kincaid has not adequately alleged that the County is her employer.

[6] Kincaid claims that the identity of her employer is a factual question not subject to resolution on a motion to dismiss. However, Kincaid has not alleged *any* facts to support the conclusion that the County is her employer, other than conclusory assertions that the County oversees the social services agency.

[7] Kincaid's federal due process claims fail for a second reason — the facts in the Complaint fail to allege that the County's actions represented an official policy or custom by a designated policy-making authority. *See id.* Not only is it the case that local entities such as the County cannot be held liable solely on a respondeat superior theory for Anderson's actions, as the Complaint implies, *see id.*, but the Fourth Circuit has held that policy-making authority for local boards of social services resides in the State department

-9-

Case 1:14-cv-00027-JPJ-PMS   Document 51   Filed 05/06/15   Page 9 of 10   Pageid#: 255

Complaint's allegations against several entities, while "fail[ing] to specify which Defendant allegedly took what action(s)[,] renders these claims deficient." *Snipes v. Alamance Cnty. Clerk of Courts*, No. 1:11CV1137, 2013 WL 4833021, at *4 (M.D.N.C. Sept. 10, 2013). Thus, the plaintiff's federal law claims must be dismissed for failure to state a claim.

III.

For these reasons, Defendant Russell County's Motion to Dismiss (ECF No. 35) is GRANTED. The state law claims against said defendant are dismissed with prejudice. The federal claims are dismissed without prejudice. Russell County, Virginia, is terminated as a party to this case.

It is so **ORDERED**.

ENTER: May 6, 2015

/s/ James P. Jones
United States District Judge

---

and State Board of Social Services, and not at the county level. *Bockes v. Fields*, 999 F.2d 788, 791 (4th Cir. 1993) (citing Va. Code Ann. § 63.1-26).