IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| PAM KINCAID, | ) |
| Plaintiff, | ) Case No. 1:14CV00027 |
| v. | ) OPINION AND ORDER |
| JAMES W. ANDERSON, ET AL., | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Melvin E. Williams, Mel Williams PLC, Roanoke, Virginia, for Plaintiff; Edward G. Stout, Curcio & Stout, PC, Bristol, Virginia, for Defendant James W. Anderson; Henry S. Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, Virginia, and A. Benton Chafin, Jr., Chafin Law Firm, P.C., Lebanon, Virginia, for Defendant Board of Russell County (Virginia) Department of Social Services.*

In this employment discrimination case, the plaintiff has objected to the magistrate judge's decision to deny the plaintiff's Motion to Continue Trial Date and Reset Deadlines. For the foregoing reasons, I will overrule the plaintiff's Rule 72(b) objections, and the magistrate judge's Order will stand.

I.

The plaintiff filed her Complaint on May 14, 2014. On April 24, 2015, the parties jointly submitted a Rule 26(f) written discovery plan. That plan set forth a number of proposed deadlines, including that the discovery cutoff would occur 90 days before the trial date. Subsequently, on April 28, 2015, the magistrate judge

entered, without objection, a Scheduling Order that provided that the jury trial of this case would begin on March 29, 2016. The Scheduling Order reiterated that all discovery was to be completed no later than 90 days before the trial, effectively setting December 29, 2015 as the discovery deadline.

On January 15, 2016, the plaintiff filed her Motion to Continue Trial Date and Reset Deadlines. In that motion, the plaintiff set forth various reasons why she believed a continuance was appropriate. Specifically, that motion said that the defendant did not respond to the plaintiff's written discovery requests, which were served on October 4, 2015, until December 7, 2015, and that this delay prevented the plaintiff from conducting depositions before the deadline. The motion also said that the spouse of one of the attorneys in the case had become ill on December 19, 2015, and had passed away on January 1, 2016, and that another attorney was in session as a member of the 2016 Virginia General Assembly.

On January 19, 2016, the magistrate judge denied the plaintiff's request for a continuance. Thereafter, on January 22, 2016, the plaintiff moved for the magistrate judge to reconsider that decision. The plaintiff's Motion to Reconsider contained a more detailed timeline of the parties' activities in this case, and also attached various communications that were exchanged between the attorneys. On January 28, 2016, the magistrate judge conducted a telephonic hearing so that the parties could discuss the issue of a continuance. On that same date, the magistrate

judge denied the plaintiff's Motion to Reconsider. The plaintiff subsequently filed her Rule 72(b) objections on February 4, 2016.

II.

When a party submits objections to a magistrate judge's ruling on non-dispositive matters, a district court must assess whether the magistrate judge's decision was clearly erroneous or contrary to law based only on the facts presented to the magistrate judge. Fed. R. Civ. P. 72; *see also Tafas v. Dudas*, 530 F. Supp. 2d 786, 796 (E.D. Va. 2008). The district judge is only empowered to set aside the magistrate judge's ruling if that ruling was, in fact, clearly erroneous or contrary to law. *Id*. "A court's 'finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Bruce v. Hartford*, 21 F. Supp. 3d 590, 593-94 (E.D. Va. 2014) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948).

Here, the magistrate judge was required to assess whether the plaintiff had set forth a good cause that supported her request for a continuance. *See Montgomery v. Anne Arundel Cty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006) (unpublished). A reason given in support of the plaintiff's original motion for a continuance was that the defendant had not responded to the plaintiff's written discovery requests until December 7, 2015, approximately one month after they

were due. This delay serves as the primary justification for the plaintiff's Rule 72(b) objections. The magistrate judge concluded that this delay did not provide enough of a basis upon which to grant a continuance, and I cannot say that this decision by the magistrate judge was clearly erroneous.

Counsel agreed to the discovery deadline eight months before it occurred. While I recognize that the defendant's delay in discovery responses was disruptive, the plaintiff could have prevented this problem by promptly engaging in discovery once the deadline was fixed, instead of waiting for months before even beginning the process. There are few cases in which untoward events do not occur. Accordingly, a lawyer simply cannot wait to prepare the case until the discovery deadline looms. Otherwise, most cases would require rescheduling, to the detriment of the court's docket and frustration to clients. Accordingly, the magistrate judge's decision was not clear error, and the plaintiff's objections must be overruled.

### III.

For the foregoing reasons, it is **ORDERED** that the defendant's Rule 72(b) objections (ECF No. 76) are OVERRULED.

ENTER: February 11, 2016

/s/ James P. Jones
United States District Judge