# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| PAM KINCAID, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:14CV00027 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| JAMES W. ANDERSON, ET AL., | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Melvin E. Williams, Mel Williams, PLC, Roanoke, Virginia, for Plaintiff; Edward G. Stout, Curcio & Stout, PC, Bristol, Virginia, for Defendant James W. Anderson; Henry S. Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, Virginia, and A. Benton Chafin, Jr., and M. Katherine Patton, Chafin Law Firm, P.C., Lebanon, Virginia, for Defendants Russell County (Virginia) Department of Social Services and the Board of the Russell County (Virginia) Department of Social Services.*

In this employment discrimination case, the plaintiff has moved for reconsideration of the court's grant of summary judgment in favor of the defendants. The motion has been briefed and argued by the parties, and is ripe for decision. For the foregoing reasons, I will deny the motion.

I.

The plaintiff filed this action on May 14, 2014. She alleged that the Russell County Department of Social Services ("RCDSS") and its board of directors (the "Board") had discriminated against her because of her gender and religion and had retaliated against her because of her complaints of unequal treatment. She further

alleged that her supervisor, defendant James W. Anderson, had defamed her, intentionally caused her emotional distress, and violated her due process rights.[1] Most of these allegations had to do with the Board's decision to demote the plaintiff from her supervisory position at RCDSS to a nonsupervisory role. The demotion occurred only months after Kincaid had been promoted to the supervisory position, and lasted for about two months before the Board reinstated her as a supervisor.

On January 13, 2016, after the discovery deadline had passed, defendant Anderson moved for summary judgment. RCDSS and the Board jointly moved for summary judgment on January 28, 2016. The plaintiff subsequently responded to both motions, and a summary judgment hearing was held on March 11, 2016. Thereafter, I granted the motions for summary judgment and entered final judgment in favor of the defendants. *See Kincaid v. Anderson*, No. 1:14CV00027, 2016 WL 1122095 (W.D. Va. Mar. 22, 2016).

I granted the motions for summary judgment, at least in part, because the plaintiff failed to support her contested factual allegations with evidence from the record, as required by Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure.

---

[1] The Complaint also included other defendants and causes of action that were previously dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Kincaid v. Anderson*, No. 1:14CV00027, 2015 WL 3546066 (W.D. Va. June 8, 2015); *Kincaid v. Anderson*, No. 1:14CV00027, 2015 WL 2106309 (W.D. Va. May 6, 2015).

The plaintiff's attorney attempted to support some of those positions by submitting a copy of the Plaintiff's Interrogatory Responses to Defendant James Anderson's First Interrogatories ("interrogatory responses"), but the interrogatory responses were not verified by the plaintiff, as required by Federal Rule of Civil Procedure 33(b)(3), and I declined to consider them.

Following judgment, the plaintiff filed a pleading entitled "Motion to Reconsider" on April 5, 2016, together with a brief in support of the motion. In the brief, the plaintiff's attorney represented that the plaintiff's interrogatory responses had been made under oath, but that the last page of the responses containing the oath had been "inadvertently omitted" when the interrogatory responses were scanned into the court's electronic case filing system for submission as a summary judgment exhibit. (Pl.'s Mem. Supp. Mot. Reconsider 5 n.4, ECF No. 100.) Attached to the brief as an exhibit was a copy of the interrogatory responses that contained a last page containing only the signature of the plaintiff together with a signed notary certificate reciting that the plaintiff had appeared before the notary on March 23, 2015, and "made oath that the forgoing [sic] are true and correct to the best of his [sic] knowledge, information and belief." (ECF No. 100-3.) There

is no indication on this page that the plaintiff's signature or the notary certificate related to the interrogatory responses.[2]

The pages of the interrogatory responses were numbered sequentially one through 17, with page 17 containing the certificate of service, showing that the interrogatory responses had been mailed to opposing counsel on September 4, 2015, nearly six months after the date the plaintiff allegedly appeared before the notary. The last page, containing the notary certificate, was not numbered. Moreover, defendant Anderson had also attached a copy of the plaintiff's interrogatory responses to his summary judgment brief, and that attachment did not include the notary page. At oral argument on the present motion, both opposing attorneys represented to the court that the interrogatory responses served on them in September of 2015 had not contained a notary page. (Tr. 18, 19-20, ECF No. 112.)

At oral argument plaintiff's attorney concluded that the interrogatory responses had not been completed when his client signed the notary page. His contention, however, was that his client had provided draft answers at the time the notary took her oath and that she had later – perhaps months later – verbally approved the final interrogatory responses:

---

[2] A copy of the notary page produced in support of the Motion to Reconsider is attached to this Opinion.

> Mr. Williams: . . . [A]nd then over the next several weeks and even months we went back and forth with her getting those answers finalized to where then she said yes, these are my actual sworn answers to place the affidavit with and then to produce those answers to the defendant.
>
> The Court: So, if I'm not mistaken you had your client sign in essence a blank affidavit. There were no answers to interrogatories at the time she signed this affidavit?
>
> Mr. Williams: We had draft answers, Your Honor, but those answers were modified, tweaked, finalized in the time after that with her input. Yes, sir.

(*Id.* at 8-9.) Plaintiff's counsel was unable to explain why the interrogatory responses served on opposing counsel months later did not contain the plaintiff's affidavit. (*Id.* at 8.)

## II.

The Federal Rules of Civil Procedure do not expressly contemplate a motion for reconsideration in the present circumstances, but I will treat the plaintiff's request as a timely Rule 59(e) motion to alter or amend a judgment. *See EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 111 (4th Cir. 1997). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). Such a motion may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used

-5-

to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id., see also Durkin v. Taylor,* 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.")

It is well settled that there are three grounds for granting a motion to alter or amend a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993). The plaintiff has not shown that any of those reasons apply to her request. While she introduces new evidence that was not originally a part of the summary judgment record, such as performance evaluations and letters from local attorneys, she has provided no legitimate reason as to why that evidence was not originally included in the summary judgment record. The plaintiff's attorney argues that he did not believe those pieces of evidence were necessary to respond to the defendants' motions for summary judgment. He contends that in my decision granting summary judgment I sua sponte raised the issues to which that evidence relates. I disagree.

The first of those issues concerned the plaintiff's gender discrimination claim and whether she satisfied the four-part *McDonnell Douglas* framework, as necessary to support that claim. *See McDonnell Douglas Corp. v. Green,* 411 U.S.

-6-

792, 802 (1973). In her response to the Board's and RCDSS's Motion for Summary Judgment, the plaintiff expressly cited to the four-part test (albeit using a different case citation) and argued that she had satisfied it. However, the portions of the summary judgment record that the plaintiff's attorney cited to satisfy *McDonnell Douglas* did not validate her argument.

In her opposition to summary judgment, the plaintiff attempted to demonstrate that her job performance was satisfactory, as necessary under *McDonnell Douglas*, by citing to an affidavit from the Board that read, "[b]oth before May 15, 2012 and thereafter when Mr. Anderson was asked how he and Ms. Kincaid were getting along as well as how he and other supervisors were getting along his answer and in fact her answer to a similar question was 'remarkably well.'"[3] (Rasnick Aff. 4, ECF No. 75-8.) The plaintiff's attorney also cited to the fact that the plaintiff had held a nonsupervisory social services position for almost seven years. I correctly held that these two citations failed to support the plaintiff's contention that her performance in the supervisory role was satisfactory.

---

[3] The plaintiff's brief specifically contended that "[u]ntil Anderson recommended to the RCDSS Board that she should be fired, the RCDSS Board was under the impression from Anderson that Kincaid was progressing 'remarkably well' in her new position." (Pl.'s Mem. Opp'n Mot. Summ. J. 13, ECF No. 81.) In fact, the Board's affidavit did not support this argument. The Board's affidavit stated that Anderson and Kincaid were getting along "remarkably well" and not that Kincaid was progressing "remarkably well" in her new supervisory position.

The second issue was the plaintiff's defamation claim against defendant Anderson. Anderson's brief in support of his Motion for Summary Judgment directs almost four pages of argument toward that claim. The plaintiff attempted to oppose Anderson's motion and provide evidence of Anderson's alleged false statement, the lynchpin of any defamation claim, by citing to her own interrogatory responses. Those interrogatory responses were unable to create a material dispute of fact because the plaintiff was not present during the meeting in which Anderson allegedly made the false statement, meaning that she had no personal knowledge that supported her claim. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge. . . .")

Moreover, the interrogatory responses presented in opposition to summary judgment were unsworn, so they could not create a dispute of fact under Rule 56(c). *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) ("It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment."); *Columbia Gas Transmission, LLC v. Ott*, 984 F. Supp. 2d 508, 521 (E.D. Va. 2013) (holding that discovery responses that were not verified or signed by the client, but were instead signed by his counsel, could not defeat a properly supported motion for summary judgment); *Saria v. Mass. Mut. Life Ins. Co.*, 228 F.R.D. 536, 539 (S.D. W.Va. 2005) (explaining that the failure to provide client verification of interrogatory answers undermines the dispositive

-8-

Case 1:14-cv-00027-JPJ-PMS   Document 113   Filed 05/12/16   Page 8 of 11   Pageid#: 1048

motion process under Rule 56(c) and is a "flagrant disregard" of the Federal Rules of Civil Procedure.) While the plaintiff's counsel now attempts to remedy this deficiency by providing an affidavit, he admits this affidavit was signed by the plaintiff months before the interrogatory responses were actually finalized and served. The introduction of such a pre-signed affidavit does not satisfy the affidavit requirement for the purposes of Rules 33(b)(3) and 56(c) because the actual version of the interrogatory responses did not exist at the time of signing.[4]

Once presented with the defendants' motions for summary judgment, it was the plaintiff's duty to provide evidence that supported her claim, and it was my duty to assess whether such evidentiary support had been provided. Both the *McDonnell Douglas* and defamation issues demonstrate the plaintiff's failure to include that support. While the plaintiff's attorney now attempts to provide new evidence in an attempt to change the analysis, this evidence was previously available to the plaintiff. As such, the introduction of this evidence does not satisfy any of the three grounds that might support altering or amending a judgment.

---

[4] Plaintiff's counsel represented that the practice he says he followed here was one he employed "with some regularity because clients can't just pop into the office every day to do that." (Tr. 10, ECF No. 112.) As I indicated at oral argument, I believe this practice to be entirely improper.

-9-

I find that my prior summary judgment analysis was accurate, and the defendant has not provided a satisfactory reason as to why that judgment should be changed.

IV.

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 99) is DENIED.

ENTER: May 12, 2016

/s/ James P. Jones
United States District Judge

*Pam Kincaid*
PAM KINCAID

COMMONWEALTH OF VIRGINIA )
) to- wit:
CITY of ROANOKE )

This day personally appeared before me, PAM KINCAID, and made oath that the forgoing are true and correct to the best of his knowledge, information and belief.

Subscribed and sworn to before me this 23rd day of March, 2015.

*Theresa Jeannine Shell*
Notary Public

My commission expires: *December 31, 2017*



Theresa Jeannine Shell
Commonwealth of Virginia
Notary Public
Commission No. 7563939
My Commission Expires 12/31/2017